### WELLS v. SIBLEY *et al.*

*(Supreme Court, General Term, Fifth Department.* January 22, 1892.)

NEGLIGENCE—SUFFICIENCY OF EVIDENCE.

 While plaintiff was walking rapidly along a public street, about 7 o'clock in the evening, he fell over an iron door which had been left partly open, and which was used to cover an opening in the sidewalk. In an action against the abutting property owners, plaintiff testified that, after falling, he looked down the passage-way, and saw one or two men in the cellar with a lantern. It appeared that defendants' two engineers had the keys to the door, that they were accustomed in the evening to enter the cellar through the opening in the sidewalk, and that they were the only persons who used the passage-way. One of the engineers testified that, on the night in question, he left the cellar at 6 o'clock, and the other testified to leaving a few minutes after 7; and they both swore that they closed the iron door. *Held,* that the question whether defendants' engineers left the door open was properly submitted to the jury, and that a verdict for plaintiff would not be disturbed. MACOMBER, J., dissenting.

Appeal from circuit court, Monroe county.

Action by George W. Wells against Rufus A. Sibley and others for personal injuries resulting from defendants' negligence in leaving the door of a man-hole partly open. Verdict and judgment of $200 for plaintiff. Defendants appeal from the judgment, and from an order denying their motion for a new trial. Affirmed. For former reports, see 9 N. Y. Supp. 343; 12 N. Y. 956, *mem.;* 16 N. Y. Supp. 382, *mem.*

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*Albert H. Harris,* for appellants. *P. Chamberlain, Jr.,* for respondent.

LEWIS, J. The defendants are the owners of the Osborne-House block, in the city of Rochester, fronting upon Division street; and in the sidewalk of Division street a few feet from St. Paul street, and in front of their block, the defendants had constructed and maintained an opening in the sidewalk, 24 by 34 inches in size, with a stairway leading therefrom down into the cellar or basement of their block of buildings. The opening in the walk was covered by an iron flat or door attached to one side of the opening by hinges, and so arranged that it could be opened so as to admit persons into the cellar or basement of the buildings. The door, when closed, was on a level with the sidewalk. About 7 o'clock on the evening of the 23d of November, 1886, the plaintiff was hastily passing along the sidewalk on Division street, in front of the defendant's building, and ran against this door, which had been raised, and was partly open. He fell over the door, and struck his head against an iron boiler which the defendant had placed upon the sidewalk near the opening, receiving injuries, and brought this action against the defendants to recover for damages.

This case has been before this court on a former appeal from a judgment which was entered in favor of the defendants against the plaintiff upon a nonsuit granted at the circuit. The judgment was reversed, and a new trial granted; the court holding that there were questions of fact which should have been submitted to the jury. The decision thus made is reported in 9 N. Y. Supp. 343. That decision substantially disposes of the questions presented by this appeal. Upon the retrial, substantially the same testimony was introduced. The case was submitted to the jury, and they found a verdict for the plaintiff against the defendants for $200.

v.17N.Y.s.no.3—27

The evidence tended to show that the defendants' employes opened the door covering the hole in the sidewalk on the night in question, and left it in the position it was at the time the plaintiff came in contact with it. The plaintiff testified that, after falling over the door, he looked down the passageway, and saw one or two men moving about in the cellar; that they had in hand an ordinary globe lantern, lighted. He did not know who they were. The defendants had at the time, in their employ, two engineers, by the names of Henry and Sibley Owens. They were accustomed, in the evening, after the place of business of the defendants was closed, to open the door in the sidewalk, for the purpose of going into the basement to look after the engines. The lid or flap, when not in use, was kept locked. The engineers had the keys. They were the only persons who were accustomed to use this passage-way into the basement. They were both sworn as witnesses upon the trial. Sibley Owens testified that he left the basement that night at 6 o'clock, leaving his brother Henry in the boiler-room. Henry testified that he left the building a few minutes after 7 o'clock on the evening of the day in question; that his brother had already left, and he was the last man out; that he himself went out at the door, and shut and locked it. The case fails to show who the persons were that the plaintiff saw in the basement, unless it was one or both of the engineers.

The appellants' counsel contends that there was not sufficient evidence that the defendants' employes opened the door on the night in question to warrant submitting that question to the jury, and suggests that the persons seen by the plaintiff may have been burglars. The conduct of the engineers was in question. If, in fact, they opened and left the door in the condition stated, they were guilty of gross negligence. Their veracity as witnesses was therefore for the consideration of the jury. If burglars entered the building on this occasion, it is quite improbable that they would, while searching the premises, have left the door open. If they had entered, and left the door open, it is still more improbable that they would have had with them a lighted globe lantern, exposing themselves and their doings to the view of the people passing along the sidewalk. If the premises were burglarized that evening, the burglars would probably have left some evidence of their visit about the building. The plaintiff testified that the accident occurred about 7 o'clock, — perhaps shortly after 7. The jury evidently came to the conclusion that either Sibley Owens, in leaving the basement at 6 o'clock, unintentionally omitted to close the door after passing out, or that Henry Owens left it open, and that the one who did leave it open, rather than subject himself to censure, chose to deny that he left it open, or that he believed he closed it, when in fact he did not. If the defendants' employes did, in fact, leave the door open, the defendants, it must be conceded, were guilty of negligence. We think the preponderance of evidence tended to show that one of the defendants' engineers negligently left the door open, and caused plaintiff's injuries.

The question of the plaintiff's negligence was properly submitted to the jury. We find no errors justifying a reversal of the judgment. The judgment and order appealed from should be affirmed.

DWIGHT, P. J., concurs. MACOMBER, J., dissents.